IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAMON LAMONT WHEELER, )
)
        Plaintiff, )
)
vs. ) Case No. 22-1250-TC-KGG
)
COLEMAN USA, *et al.*, )
)
        Defendants. )
)

**MEMORANDUM & ORDER GRANTING**
**MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES**
**AND SHOW CAUSE ORDER**

In conjunction with his federal court Complaint (Doc. 1), Plaintiff Damon Lamont Wheeler has also filed a Motion to Proceed Without Prepaying Fees ("IFP application," Doc. 3, sealed) with a supporting financial affidavit (Doc. 3-1). After review of Plaintiff's motion, as well as the Complaint, the Court **GRANTS** the IFP application (Doc. 3) but **orders Plaintiff to show cause as to why the undersigned Magistrate Judge should not recommend to the District Court that Plaintiff's claims be dismissed for failure to state a viable federal cause of action because Plaintiff has failed to state any facts in support of his claim**.

**A.**     **Motion to Proceed IFP.**

1

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means. 28 U.S.C. § 1915(a). "Proceeding in forma pauperis in a civil case 'is a privilege, not a right – fundamental or otherwise.'" **Barnett v. Northwest School**, No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (quoting **White v. Colorado**, 157 F.3d 1226, 1233 (10th Cir. 1998)). The decision to grant or deny in forma pauperis status lies within the sound discretion of the court. **Cabrera v. Horgas**, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999).

There is a liberal policy toward permitting proceedings in forma pauperis when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay. *See generally*, **Yellen v. Cooper**, 828 F.2d 1471 (10th Cir. 1987). In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income. See **Patillo v. N. Am. Van Lines, Inc.**, No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); **Webb v. Cessna Aircraft**, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In the supporting financial affidavit, Plaintiff indicates he is 38 and single with seven minor dependents.[1]  (Doc. 3, sealed, at 1-2.)  He indicates the amount of monthly support he provides is "undetermined now."  (*Id*., at 2.)

Plaintiff indicates he is currently unemployed.  (*Id*.)  He lists prior employment with Labor Finders, which the Court surmises is a temporary employment agency, as an assembly worker with no stated income.  (*Id*., at 3.)  He also lists a small amount in unemployment benefits and states that he is seeking reconsideration of a denial of Social Security benefits.  (*Id*., at 4.)   He lists no other income or government benefits.  (*Id*., at 4-5.)  He does not own real property or an automobile.  (*Id*., at 3-4.)  He lists no monthly expenses, other than the undetermined amount he provides in support to his minor children.  (*Id*., at 5.)  He has never filed bankruptcy.  (*Id*., at 6.)

Given Plaintiff's limited income and financial obligations to his minor children, the Court finds that Plaintiff's access to the Court would be significantly limited absent the ability to file this action without payment of fees and costs.  The Court thus **GRANTS** Plaintiff leave to proceed *in forma pauperis*. (Doc. 3, sealed.)

**B.      Sufficiency of Complaint and Show Cause Order.**

---

[1]  Plaintiff lists another dependent, however, this individual is 18 years old and therefore not a legal minor/dependent.

Pursuant to 28 U.S.C. §1915(e)(2), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action or appeal – (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." "When a plaintiff is proceeding in forma pauperis, a court has a duty to review the complaint to ensure a proper balance between these competing interests." **Mitchell v. Deseret Health Care Facility**, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013). The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." **Harris v. Campbell**, 804 F.Supp. 153, 155 (D.Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment). *Sua sponte* dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face. **Hall v. Bellmon**, 935 F.2d 1106, 1108 (10th Cir. 1991).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss. *See* **Kay v. Bemis**, 500 F.3d 1214, 1217-18 (10th Cir. 2007). In making this analysis, the Court will accept as true all well-pleaded facts and will draw all reasonable inferences from those facts in favor of the plaintiff. *See* **Moore v. Guthrie**, 438 F.3d 1036, 1039 (10th Cir.2006). The

Court will also liberally construe the pleadings of a pro se plaintiff. *See* **Jackson v. Integra Inc.**, 952 F.2d 1260, 1261 (10th Cir.1991).

This does not mean, however, that the Court must become an advocate for the *pro se* plaintiff. **Hall**, 935 F.2d at 1110; *see also* **Haines v. Kerner**, 404 U.S. 519, 92 S.Ct. 594 (1972). Liberally construing a pro se plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." **Hall**, 935 F.2d at 1110.

A complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." **Fisher v. Lynch**, 531 F. Supp.2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007), and **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir.1991) (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proved)). "In other words, plaintiff must allege sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face." **Fisher**, 531 F. Supp.2d at 1260 (citing **Bell Atlantic Corp. v. Twombly**, 127 S.Ct. at 1974). Factual

allegations in the complaint must be enough to raise a right to relief "above the speculative level." ***Kay v. Bemis***, 500 F.3d at 1218 (citing ***Bell Atlantic Corp. v. Twombly***, 127 S.Ct. At 1965).

The Court's relaxed scrutiny of the *pro se* plaintiff's pleadings "does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." ***Hall***, 935 F.2d at 1110. "Conclusory statements unsupported by factual allegations are insufficient to state a claim, even for a pro se plaintiff." ***Olson v. Carmack***, 641 Fed.Appx. 822, 825 (10th Cir. 2016). "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury...." ***Hall***, 935 F.2d at 1110.

While a complaint generally need not plead detailed facts, Fed.R.Civ.P. 8(a), it must give the defendant sufficient notice of the claims asserted by the plaintiff so that they can provide an appropriate answer. ***Monroe v. Owens***, Nos. 01-1186, 01-1189, 01-1207, 2002 WL 437964 (10th Cir. Mar. 21, 2002). Rule 8(a) requires three minimal pieces of information to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the court's jurisdiction depends; and (3) the relief requested. Fed. R. Civ. P. 8(a). After reviewing a plaintiff's Complaint and construing the allegations

liberally, if the Court finds that he has failed to state a claim upon which relief may be granted, the Court is compelled to recommend that the action be dismissed.

In the form employment discrimination Complaint submitted by Plaintiff, he checks boxes for Title VII race and religious discrimination, disability discrimination, and violations of the Equal Pay Act. (Doc. 1, at 3, 4.) As for his disability (or perceived disability), plaintiff simply writes "mental health diagnosis," while failing to identify any specific mental health diagnosis. (*Id*., at 4.) Plaintiff checks boxes indicating the following discriminatory conduct of Defendant – termination of employment, failure to promote, failure to accommodate disability, unequal terms and conditions of employment, and retaliation. (*Id*.) Plaintiff indicates the allegedly discriminatory acts occurred between August 9, 2021, and January 3, 2022. (*Id.*) Plaintiff also lists a violation of Kansas Statute 44-808, which makes it unlawful for an employer to interfere with an employee's right to self-organization, belong to labor organizations, or to bargain collectively. (*Id*., at 3.)

Plaintiff provides no specific factual allegations in his Complaint. He provides no narrative of what happened, who allegedly violated his right, or how they allegedly did so. None of the named Defendants are ever referenced factually in Plaintiff's Complaint. (*See generally* Doc. 1.) Further, the section in which

7

Plaintiff is to state the damages or relief he is seeking has been left blank. (*Id.*, at 5.)

Simply stated, Plaintiff has not alleged in his Complaint (Doc. 1) sufficient facts to allow the Court to determine the basis of the alleged violations of his civil and/or statutory rights. Plaintiff has not alleged how the various Defendants are responsible for any such alleged violation(s). Given the dearth of factual information in the Complaint, Plaintiff has failed to allege facts to support his potential claims against Defendants.

As such, the undersigned Magistrate Judge directs Plaintiff to **show cause** by supplementing his Complaint in writing **on or before December 8, 2022**, to address the deficiencies enumerated herein. Thereafter, the undersigned Magistrate Judge will review Plaintiff's supplement to determine whether to **recommend** to the District Court that Plaintiff's claims be **DISMISSED** in their entirety for failure to state a cause of action pursuant to federal law.

IT IS THEREFORE ORDERED that Plaintiff's motion for IFP status (Doc. 3) is **GRANTED**.

IT IS FURTHER ORDERED, however, that Plaintiff **show cause** to the undersigned Magistrate Judge, by supplementation of his Complaint, why the

undersigned Magistrate Judge should not **recommend** to the District Court that Plaintiff's Complaint (Doc. 1) be **DISMISSED**.

IT IS THEREFORE ORDERED that a copy of this Order shall be sent to Plaintiff via certified mail.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 8th day of November, 2022.

S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge