IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DAMON LAMONT WHEELER, )<br>)<br>Plaintiff, )<br>)<br>vs.   )<br>)<br>COLEMAN USA, *et al.*,   )<br>)<br>Defendants.   )<br>) | Case No. 22-1250-TC-KGG |

**MEMORANDUM & ORDER DENYING**
**MOTION FOR APPOINTMENT OF COUNSEL**

Now before the Court is Plaintiff's motion for the appointment of counsel. (Doc. 7.)  After a review of Plaintiff's submission, the Court **DENIES** the motion for the reasons set forth herein.

**I.   BACKGROUND.**

Plaintiff filed his federal court Complaint on November 3, 2022, ostensibly alleging employment discrimination.  (Doc. 1.)  Plaintiff indicated the following Defendants:  Coleman USA, Cotti Foods Midwest, B&B Airparts, and Focus Workforce.  (Doc. 1, at 2.)  Also included in the caption as Defendants, but not the body of the Complaint, were McDonald's Corporation, Dillons Foods, and Hyatt

1

Regency.  (Doc. 1, at 1.)  Plaintiff indicated that he had sought employment from "Cotti Foods Midwest – Wendy's."  (*Id*., at 3.)

In the form employment discrimination Complaint submitted, Plaintiff checked boxes for Title VII race and religious discrimination, disability discrimination, and violations of the Equal Pay Act.  (Doc. 1, at 3, 4.)  As for his disability (or perceived disability), plaintiff simply wrote "mental health diagnosis," but failed to identify any specific mental health diagnosis.  (*Id*., at 4.)  Plaintiff checked boxes indicating the following discriminatory conduct of Defendants – termination of employment, failure to promote, failure to accommodate disability, unequal terms and conditions of employment, and retaliation.  (*Id*.)  Plaintiff also listed a violation of Kansas Statute 44-808, which makes it unlawful for an employer to interfere with an employee's right to self-organization, belong to labor organizations, or to bargain collectively.[1]  (*Id*., at 3.)

As noted in this Court's prior Order, Plaintiff provided no specific factual allegations in his Complaint.  (Doc. 5, at 7.)  He provided no narrative of what happened, who allegedly violated his rights, or how they allegedly did so.  (*Id*.)  None of the named Defendants were even referenced factually in Plaintiff's

---

[1] In conjunction with his form Complaint, Plaintiff also filed a Motion to Proceed Without Prepaying Fees ("IFP application," Doc. 3, sealed) with a supporting financial affidavit (Doc. 3-1).  The undersigned Magistrate Judge previously granted this motion.  (Doc. 5.)

Complaint. (*See generally* Doc. 1; Doc. 5, at 7.) Plaintiff also failed to indicate the relief sought. (*Id.*, at 7-8.)

Because of these deficiencies, the Court's prior Order included an instruction for Plaintiff to show cause as to why the undersigned Magistrate Judge should not recommend to the District Court that Plaintiff's claims be dismissed for failure to state a viable federal cause of action because Plaintiff has failed to state any facts in support of his claim. (Doc. 5, at 1, 7-8.) Plaintiff was given a deadline of December 8, 2022, to respond to the Show Cause Order. (*Id.*, at 1, 8.)

In addition to the pending request for counsel (Doc. 7), Plaintiff has also submitted a "Supplement for Complaint" (Doc. 8). Given that the Court received the certified mail receipt for delivery to Plaintiff of the Show Cause Order on the same day the Court received Plaintiff's current motion and supplement to his Complaint, the Court surmises that this supplement is <u>not</u> Plaintiff's response to the Show Cause Order. The Court reiterates that Plaintiff has until December 8, 2022, to respond accordingly.

Plaintiff's "supplement" to the Complaint adds the following "facts" – he was paid $9.50 per hour biweekly then $10.00 per hour for two weeks before his termination when he "should have initially started at 10.00 rate of pay." (Doc. 8, at 10.) He continues that Defendants "didn't compensate with agreed upon rate of pay…" (*Id.*, at 11.)

3

## II. ANALYSIS.

The Court notes that there is no constitutional right to have counsel appointed in civil cases such as this one. ***Beaudry v. Corr. Corp. of Am.***, 331 F.3d 1164, 1169 (10th Cir. 2003). "[A] district court has discretion to request counsel to represent an indigent party in a civil case" pursuant to 28 U.S.C. § 1915(e)(1). ***Commodity Futures Trading Comm'n v. Brockbank***, 316 F. App'x 707, 712 (10th Cir. 2008). The decision whether to appoint counsel "is left to the sound discretion of the district court." ***Lyons v. Kyner***, 367 F. App'x 878, n.9 (10th Cir. 2010) (citation omitted).

The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel. ***McCarthy v. Weinberg***, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); ***Castner v. Colorado Springs Cablevision***, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII). Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of

4

volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time.  ***Castner***, 979 F.2d at 1421.

Under the first factor, the Court notes that Plaintiff was previously given leave to proceed *in forma pauperis*.  (Doc. 5.)  Thus, the Court is satisfied that he cannot afford to hire counsel on his own.

The second factor relates to the Plaintiff's diligence in searching for counsel.  The form motion used by Plaintiff specifically states that Plaintiff is to "<u>confer with</u> (not merely contact) at least five attorneys regarding legal representation."  (Doc. 7, at 2 (emphasis in original).)  Based on the information contained in the form motion, Plaintiff attempted to contact four attorneys.  (*Id*., at 2-3.)  It appears that he may have spoken to as many as 3 of these attorneys.  Plaintiff has indicated that one of the listed attorneys has given Plaintiff "no response" despite "numerous calls."  (*Id*., at 3.)  Based on the information provided, Plaintiff has not complied with the requirements set forth in the form motion as he did not confer with, rather than merely contact, at least five attorneys.  Thus, the Court cannot say that Plaintiff has been diligent in his attempt to secure legal representation.

The next factor is the viability of Plaintiff's claims in federal court. *See* ***McCarthy***, 753 F.2d at 838-39 (10th Cir. 1985); ***Castner***, 979 F.2d at 1421.  As discussed above, the Court has reviewed the Complaint and supplement thereto.  While the Court cannot, for the reasons discussed above, conclude that Plaintiff

currently has a colorable claim, this issue cannot be fully analyzed until the Court receives Plaintiff's response to the Show Cause Order.

That stated, even if Plaintiff's claims are determined to be viable in federal court, the Court finds that the final factor – Plaintiff's capacity to prepare and present the case without the aid of counsel – weighs against appointment of counsel.  *Castner*, 979 F.2d at 1420-21.  In considering this factor, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts.  *Id.* at 1422.  The Court notes that the factual and legal issues in this case are not unusually complex.  *Cf. Kayhill v. Unified Govern. of Wyandotte*, 197 F.R.D. 454, 458 (D.Kan. 2000) (finding that the "factual and legal issues" in a case involving a former employee's allegations of race, religion, sex, national origin, and disability discrimination were "not complex").

Although Plaintiff is not trained as an attorney, this fact alone does not warrant appointment of counsel.  While a trained attorney would most-likely handle the matter more effectively, the Court sees no basis to distinguish Plaintiff from the many other untrained individuals who represent themselves *pro se* on various types of claims in Courts throughout the United States on any given day.  As such, the Motion to Appoint Counsel (Doc. 7) is **DENIED**.

IT IS THEREFORE ORDERED that Plaintiff's motion for appointment of counsel (Doc. 7) is **DENIED**.

IT IS FURTHER ORDERED that a copy of this Order shall be sent to Plaintiff via regular mail.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 15th day of November, 2022.

                                             S/ KENNETH G. GALE
                                             KENNETH G. GALE
                                             United States Magistrate Judge