# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DAMON LAMONT WHEELER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-1250-TC-KGG |
| | ) |
| COLEMAN USA, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM & ORDER REGARDING
## RESPONSE TO SHOW CAUSE ORDER AND
## RECOMMENDATION OF DISMISSAL OF CERTAIN DEFENDANTS

In conjunction with his federal court Complaint (Doc. 1), Plaintiff Damon Lamont Wheeler also filed a Motion to Proceed Without Prepaying Fees ("IFP application," Doc. 3, sealed) with a supporting financial affidavit (Doc. 3-1). After review of Plaintiff's motion, as well as the Complaint, the undersigned Magistrate Judge granted the IFP application (Doc. 3) but ordered Plaintiff to show cause as to why the undersigned Magistrate Judge should not recommend to the District Court that Plaintiff's claims be dismissed for failure to state a viable federal cause of action because Plaintiff failed to include any factual allegations in support of his claims. (*See* Doc. 6.)

1

The Court noted that Plaintiff did not provide any narrative as to what happened, who allegedly violated his rights, or how they allegedly did so. (*Id*. (citing Doc. 1).) None of the named Defendants were referenced factually in Plaintiff's Complaint whatsoever. (*Id*.) Thus, the Court held that Plaintiff's Complaint failed to include sufficient facts to allow the Court to determine the basis of the alleged violations of his civil and/or statutory rights. Plaintiff was instructed to show cause, in writing, addressing these deficiencies on or before December 8, 2022.

The Court is now in receipt of Plaintiff's response (Doc. 12) to the Show Cause Order, which was filed in a timely manner. After review of the same, the Court **recommends** that the District Court that Defendants Coleman USA, B&B Airparts, Inc., Focus Workforce Management, Inc., McDonalds Corporation, Dillons Food Store, and Hyatt Regency Hotel be **DISMISSED** for failure to exhaust administrative remedies. <u>The case should proceed against Cotti Foods Midwest only</u>.

## **ANALYSIS**

Prior to filing a federal court employment discrimination lawsuit, a plaintiff must exhaust his or her administrative remedies by presenting the claims to the U.S. Equal Employment Opportunity Commission or the Kansas Human Rights Commission and receiving a right-to-sue letter based on that charge. **Lincoln v.**

2

***BNSF Ry. Co.***, 900 F.3d 1166, 1181, 1185 (10th Cir. 2018).  In Kansas, a plaintiff must file an administrative charge within 300 days of the alleged discriminatory action.  *See* 42 U.S.C. § 2000e-5(e)(1); *see also* ***Johnson v. Cherokee County Board of County Commissioners***, No. 17-2644-JAR, 2020 WL 1320720, *8 (D. Kan. March 20, 2020) (citation omitted).  The ADEA also "requires that a charge of discrimination be filed with the EEOC within 300 days of the alleged discriminatory practice."  ***Brough v. O.C. Tanner Company***, No. 16-1134-TS, 2017 WL 3172996, *2 (D. Utah. July 25, 2017) (citing ***Almond v. Unified Sch. Dist. No. 501***, 665 F.3d 1174, 1176 (10th Cir. 2011)).

The charge "shall be in writing and signed and shall be verified," 29 C.F.R. § 1601.9, and must at a minimum identify the parties and "describe generally the action or practices complained of," 29 C.F.R. § 1601.12(b).  "The timely filing of an administrative charge is akin to a statute of limitations, and a claim is barred if it is not filed within those time limits."  ***Johnson***, 2020 WL 1320720, *8 (citation omitted).)

Plaintiff's Complaint names the following business entities, ostensibly his former employers, as party Defendants:  Coleman USA, Cotti Foods Midwest,[1]

---

[1] The Court Clerk has erroneously listed "Wendy's, Cotti Foods Midwest" as a Defendant.  Plaintiff's Complaint and KHRC charge of discrimination name "Cotti Foods Midwest" of Rancho Santa Margarita, California as a Defendant.  (Doc. 1, Doc. 12-1.)  "Cotti Foods Midwest – Wendy's" is listed in Plaintiff's Complaint as his place of

3

Inc., B&B Airparts, Inc., Focus Workforce Management, Inc., McDonalds Corporation, Dillons Food Store, and Hyatt Regency Hotel.[2] Plaintiff's response to the Show Cause Order references all of these various Defendants to some degree. (*See generally* Doc. 12.)

Attached to Plaintiff's response, however, are his charge of discrimination filed with the Kansas Human Rights Commission (Doc. 12-1, at 1-3) and the Dismissal and Notice of Right to Sue he received from the U.S. Equal Employment Opportunity Commission (Doc. 12-1, at 4-8). Based on those documents, it is apparent that Plaintiff filed a charge of discrimination and/or received a timely right to sue letter **only as to Defendant Cotti Foods Midwest**. (*See generally* Doc. 12-1.)

Plaintiff has therefore failed to exhaust his administrative remedies as to Defendants Coleman USA, B&B Airparts, Inc., Focus Workforce Management, Inc., McDonalds Corporation, Dillons Food Store, and Hyatt Regency Hotel. As such, his claims against these Defendants are barred. ***Johnson***, 2020 WL 1320720, *8 (citation omitted).) The undersigned Magistrate Judge thus **RECOMMENDS** to the District Court that the following parties be **dismissed** as

---

employment (Doc. 1, at 3), not as a Defendant. The Clerk is instructed to remove Wendy's and/or Cotti Foods Midwest – Wendy's as a named Defendant.
[2] As stated above, none of the named Defendants are ever referenced factually in Plaintiff's Complaint. (Doc. 6, at 7 (citing Doc. 1).)

4

Defendants herein – Coleman USA, B&B Airparts, Inc., Focus Workforce Management, Inc., McDonalds Corporation, Dillons Food Store, and Hyatt Regency Hotel.[3]  The Court finds that the additional facts regarding Defendant Cotti Foods Midwest are sufficient for purposes of the Show Cause Order and authorizing service of process of the Complaint.

IT IS THEREFORE **RECOMMENDED** to the District Court that Plaintiff's claims against Defendants Coleman USA, B&B Airparts, Inc., Focus Workforce Management, Inc., McDonalds Corporation, Dillons Food Store, and Hyatt Regency Hotel be **dismissed**.  The Clerk's office shall not proceed to issue summons in this case as to these Defendants.  <u>Service of process is, however, authorized as to Defendant Cotti Foods Midwest</u>.

---

[3] Even assuming Plaintiff had included the other Defendants in his charge of discrimination, the allegations contained in his response to the Show Cause Order establish that the complained of events regarding several Defendants happened outside the 300 day charging requirement.  For instance, Plaintiff was employed by McDonald's in 2015-16. (Doc. 12, at 1.)  He indicates he was most recently employed by Dillons in 2016.  (*Id*.)  He states his employment with Hyatt was terminated in April 2017.  (*Id*., at 2.)  Thus, any claims against Defendants McDonalds, Dillons Food Store, or Hyatt Recency Hotel are time barred.  "The timely filing of an administrative charge is akin to a statute of limitations, and a claim is barred if it is not filed within those time limits."  ***Johnson***, 2020 WL 1320720, *8 (citation omitted).)  Based on the allegations in his Complaint and supplement thereto, Plaintiff cannot "substantively demonstrate that any of the … [alleged] incidents" as to Defendants McDonalds, Dillons Food Store, or Hyatt Recency Hotel "fell within the 300 days of filing his EECO charge."  (*Id*. (citation omitted).)

IT IS THEREFORE ORDERED that a copy of the recommendation shall be sent to Plaintiff via certified mail.  Pursuant to 28 U.S.C. §636(b)(1), Fed.R.Civ.P. 72, and D.Kan. Rule 72.1.4, Plaintiff shall have fourteen (14) days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, any written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge. Plaintiff's failure to file such written, specific objections within the 14-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

**IT IS SO RECOMMENDED**.

Dated at Wichita, Kansas, on this 15th day of December, 2022.

S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge
