IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAMON LAMONT WHEELER, )
)
         Plaintiff, )
)
vs. ) Case No. 22-1250-TC-KGG
)
COLEMAN USA, *et al.*, )
)
         Defendants. )
)

**MEMORANDUM & ORDER DENYING**
**RENEWED MOTION FOR APPOINTMENT OF COUNSEL**

Now before the Court is Plaintiff's renewed motion for the appointment of counsel. (Doc. 25.) After a review of Plaintiff's submission, the Court **DENIES** the motion for the reasons set forth herein.

**BACKGROUND**

Plaintiff filed his federal court Complaint on November 3, 2022, ostensibly alleging employment discrimination. (Doc. 1.) Plaintiff indicated the following Defendants: Coleman USA, Cotti Foods Midwest, B&B Airparts, and Focus Workforce. (Doc. 1, at 2.) Also included in the caption as Defendants, but not the body of the Complaint, were McDonald's Corporation, Dillons Foods, and Hyatt

1

Regency. (Doc. 1, at 1.) Plaintiff indicated that he had sought employment from "Cotti Foods Midwest – Wendy's." (*Id*., at 3.)

In the form employment discrimination Complaint submitted, Plaintiff checked boxes for Title VII race and religious discrimination, disability discrimination, and violations of the Equal Pay Act. (Doc. 1, at 3, 4.) As for his disability (or perceived disability), plaintiff simply wrote "mental health diagnosis," but failed to identify any specific mental health diagnosis. (*Id*., at 4.) Plaintiff checked boxes indicating the following discriminatory conduct of Defendants – termination of employment, failure to promote, failure to accommodate disability, unequal terms and conditions of employment, and retaliation. (*Id*.) Plaintiff also listed a violation of Kansas Statute 44-808, which makes it unlawful for an employer to interfere with an employee's right to self-organization, belong to labor organizations, or to bargain collectively.[1] (*Id*., at 3.)

As noted in this Court's prior Order, Plaintiff provided no specific factual allegations in his Complaint. (Doc. 5, at 7.) He provided no narrative of what happened, who allegedly violated his rights, or how they allegedly did so. (*Id*.) None of the named Defendants were even referenced factually in Plaintiff's

---

[1] In conjunction with his form Complaint, Plaintiff also filed a Motion to Proceed Without Prepaying Fees ("IFP application," Doc. 3, sealed) with a supporting financial affidavit (Doc. 3-1). The undersigned Magistrate Judge previously granted this motion. (Doc. 5.)

Complaint.  (*See generally* Doc. 1; Doc. 5, at 7.)  Plaintiff also failed to indicate the relief sought.  (*Id.*, at 7-8.)

Because of these deficiencies, the Court's prior Order included an instruction for Plaintiff to show cause as to why the undersigned Magistrate Judge should not recommend to the District Court that Plaintiff's claims be dismissed for failure to state a viable federal cause of action because Plaintiff has failed to state any facts in support of his claim. (Doc. 5, at 1, 7-8.)  Plaintiff was given a deadline of December 8, 2022, to respond to the Show Cause Order.  (*Id.*, at 1, 8.)[2]

After the undersigned Magistrate Judge issued the Show Cause Order but before Plaintiff responded thereto, Plaintiff filed his first motion to appoint counsel.  (Doc. 7.)  The undersigned Magistrate Judge denied this motion, finding that although Plaintiff is not trained as an attorney, this fact alone does not warrant appointment of counsel.  (Doc. 10, at 6.)  The Court found that Plaintiff had not distinguished himself from the many other untrained individuals who represent

---

[2] In addition to the first request for counsel (Doc. 7), Plaintiff also submitted a "Supplement for Complaint" (Doc. 8).  Given that the Court received the certified mail receipt for delivery to Plaintiff of the Show Cause Order on the same day the Court received Plaintiff's current motion and supplement to his Complaint, the Court surmised that this supplement is not Plaintiff's response to the Show Cause Order.  Plaintiff was reminded that he had until December 8, 2022, to respond to the Show Cause Order accordingly.  Plaintiff's "supplement" to the Complaint added the following "facts" – he was paid $9.50 per hour biweekly then $10.00 per hour for two weeks before his termination when he "should have initially started at 10.00 rate of pay." (Doc. 8, at 10.)  He continued that Defendants "didn't compensate with agreed upon rate of pay…" (*Id.*, at 11.)

themselves pro se on various types of claims in Courts throughout the United States on any given day. (*Id.*) The Court also noted that Plaintiff failed to comply with the requirements set forth in the form motion to appoint counsel as he did not confer with, rather than merely contact, at least five attorneys. (*Id.*, at 5.)

Plaintiff subsequently and timely responded to the Show Cause Order. (Doc. 12.) After review thereof, the undersigned Magistrate Judge held that Plaintiff failed to exhaust his administrative remedies as to Defendants Coleman USA, B&B Airparts, Inc., Focus Workforce Management, Inc., McDonalds Corporation, Dillons Food Store, and Hyatt Regency Hotel. (Doc. 14, at 4.) As such, the Court found that Plaintiff's claims against these Defendants are barred. (*Id.*) The Court therefore recommended to the District Court that these parties be dismissed as Defendants. (*Id.*, at 4-5.) The Court continued that the additional facts alleged by Plaintiff regarding Defendant Cotti Foods Midwest are sufficient for purposes of the Show Cause Order and authorizing service of process of the Complaint. (*Id.*, at 5.) The District Court subsequently adopted the undersigned Magistrate Judge's report and recommendation, thus dismissing Coleman USA, B&B Airparts, Inc., Focus Workforce Management, Inc., McDonalds Corporation, Dillons Food Store, and Hyatt Regency Hotel as party Defendants. (Doc. 18.)

Thereafter, Plaintiff filed a motion objecting to the District Court's adoption of the undersigned Magistrate Judge's report and recommendation. (Doc. 21.)

Therein, Plaintiff also asked for approval of his prior motion to appoint counsel. (*Id*., at 2.) The District Court denied that motion, stating that Plaintiff had "not established any error or the need for appointed counsel." (Doc. 22.)

Approximately two weeks later, Plaintiff filed a "motion to appeal" this Order of the District Court, which was docketed as a notice of interlocutory appeal. (Doc. 23.) That same day, Plaintiff filed the present motion to appoint counsel. (Doc. 25.)

## ANALYSIS

"'The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" **Tatum v. Williams**, No. 19-3228-JWL-JPO, 2023 WL 34446, at *1 (D. Kan. Jan. 4, 2023) (quoting **Griggs v. Provident Consumer Discount Co.**, 459 U.S. 56, 58 (1982); **Stewart v. Donges**, 915 F.2d 572, 574 (10th Cir. 1990). "The district court, however, retains limited jurisdiction over 'collateral matters not involved in the appeal.'" *Id.* (quoting **Garcia v. Burlington Northern R. Co.**, 818 F.2d 713, 721 (10th Cir. 1987)). As noted in **Tatum**, "[t]he Tenth Circuit has characterized a motion for appointment of counsel as concerning a collateral matter properly considered by a federal district court even when filed after a notice of appeal." *Id.* (citing **West v. Ortiz**, 2007 WL 706924, *5 n.5 (10th Cir. Mar. 9, 2007) (unpublished)). Therefore,

5

as in **Tatum**, "this Court has jurisdiction to consider and decide the present motion" to appoint counsel. *Id*.

As discussed in its prior Order denying Plaintiff's first request for counsel, the Court notes that there is no constitutional right to have counsel appointed in civil cases such as this one. **Beaudry v. Corr. Corp. of Am.**, 331 F.3d 1164, 1169 (10th Cir. 2003). "[A] district court has discretion to request counsel to represent an indigent party in a civil case" pursuant to 28 U.S.C. § 1915(e)(1). **Commodity Futures Trading Comm'n v. Brockbank**, 316 F. App'x 707, 712 (10th Cir. 2008). The decision whether to appoint counsel "is left to the sound discretion of the district court." **Lyons v. Kyner**, 367 F. App'x 878, n.9 (10th Cir. 2010) (citation omitted).

The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel. **McCarthy v. Weinberg**, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); **Castner v. Colorado Springs Cablevision**, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII). Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without

the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. ***Castner***, 979 F.2d at 1421.

Under the first factor, Plaintiff was previously given leave to proceed *in forma pauperis*. (Doc. 5.) The Court again notes that it is satisfied that Plaintiff cannot afford to hire counsel on his own.

The second factor relates to the Plaintiff's diligence in searching for counsel. As the Court explained in its prior Order on this issue, the form motion used by Plaintiff specifically states that Plaintiff is to "<u>confer with</u> (not merely contact) at least five attorneys regarding legal representation." (Doc. 10, at 5 (referencing Doc. 7, at 2 (emphasis in original)).)

Based on the information contained in Plaintiff's newly filed form motion, Plaintiff again indicates that he has attempted to contact <u>only four attorneys</u>. (Doc. 25, at 2-3.) Plaintiff has therefore again failed to comply with the requirements set forth in the form motion as he did not confer with (rather than merely contact) **<u>at least five attorneys</u>**. Thus, Plaintiff has not been diligent in his attempt to secure legal representation.

The next factor is the viability of Plaintiff's claims in federal court. *See* ***McCarthy***, 753 F.2d at 838-39 (10th Cir. 1985); ***Castner***, 979 F.2d at 1421. Given the District Court's adoption of the undersigned Magistrate Judge's report and

7

recommendation, Plaintiff appears to have at least a colorable claim against Defendant Cotti Foods Midwest.  (*See* Docs. 14 and 18.)

Even so, the Court again finds that the final factor – Plaintiff's capacity to prepare and present the case without the aid of counsel – weighs against appointment of counsel.  ***Castner***, 979 F.2d at 1420-21.  In considering this factor, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts.  *Id.* at 1422.  The Court notes that the factual and legal issues in this case are not unusually complex.  Cf. ***Kayhill v. Unified Govern. of Wyandotte***, 197 F.R.D. 454, 458 (D.Kan. 2000) (finding that the "factual and legal issues" in a case involving a former employee's allegations of race, religion, sex, national origin, and disability discrimination were "not complex").

As the Court previously held, while Plaintiff is not trained as an attorney, this fact alone does not warrant appointment of counsel.  Although a trained attorney would most-likely handle the matter more effectively, the Court sees no basis to distinguish Plaintiff from the many other untrained individuals who represent themselves *pro se* on various types of claims in Courts throughout the United States on any given day.  In renewing his request for counsel (Doc. 25), **<u>Plaintiff has failed to provide the Court with any information or explanation as to why his situation is different than other federal court *pro se* litigants</u>**.  As such, Plaintiff's renewed request to appoint counsel (Doc. 25) is **DENIED**.

IT IS THEREFORE ORDERED that Plaintiff's motion for appointment of counsel (Doc. 25) is **DENIED**.

IT IS FURTHER ORDERED that a copy of this Order shall be sent to Plaintiff via regular mail.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 18th day of January, 2023.

s/ Kenneth G. Gale
KENNETH G. GALE
United States Magistrate Judge
