IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DAMON LAMONT WHEELER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COLEMAN USA, *et al.*, )<br>)<br>Defendants. )<br>)<br>) | Case No. 6:22-cv-01250-TC-KGG |

**DEFENDANT COTTI FOODS MIDWEST'S ANSWER TO COMPLAINT**

COMES NOW Cotti Foods Midwest ("Cotti Foods" or "Defendant"), by and through undersigned counsel, and presents this Answer to the Complaint (hereinafter "the Complaint"):

**I.      The Parties to This Complaint**

    **A.      The Plaintiff(s)**

Damon Lamont Wheeler
330 W. 2nd St. N
Wichita – Sedgwick
Kansas – 67202
316-516-2720
progressionpersonalized@gmail.com

**ANSWER:** Cotti Foods admits that Damon Lamont Wheeler is the plaintiff in this action. The remaining allegations in Paragraph I(A) of the Complaint are contact information for Plaintiff and require no response from Cotti Foods. To the extent a further response is required, Cotti Foods lacks sufficient information to admit or deny and therefore denied.

    **B.      The Defendant(s)**

Coleman USA
Assembly
3600 E. Harry
Wichita, Sedgwick

KS 67243
316-832-2356
www.coleman.com

Cotti Foods Midwest
29889 Santa Margarita Pkwy
Santa Margarita
Santa Margarita, 92688
949-858-9191; 316-652-04673
N/A

B+B Airparts
Shop hand, assembler
1801 S. Hoover Ct
Wichita Sedgwick
KS 67209
316-946-0300
Bbairparts.com

Focus Workforce
3600 E. Harry – Assembly
3600 E. Harry
Wichita, Sedgwick
KS 67209
316-832-6168
N/A

**ANSWER:** Cotti Foods admits that Coleman USA, Cotti Foods Midwest, B+B Airparts, and Focus Workforce are named as defendants in this action. The remaining allegations in Paragraph I(B) of the Complaint are contact information for Defendants and require no response from Cotti Foods. To the extent a further response is required, denied.

    **C.**    **Place of Employment**

Cotti Foods Midwest – Wendy's
3601 E. Harry
Wichita – Sedgwick
Kansas 67211
316-652-0473

**ANSWER:** Cotti Foods admits that Plaintiff was previously employed with Cotti Foods. The remaining allegations in Paragraph I(C) of the Complaint are contact information for Cotti

Foods and require no response from Cotti Foods. To the extent a further response is required, denied.

## II.     Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to:

- Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

- Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

- Other federal law: 29 CFR 1630 – 29 CFR part 525

- Relevant state law: K.S.A. 44-808

**ANSWER:** Cotti Foods denies that it engaged in discrimination of any kind as to Plaintiff. The remaining allegations in Paragraph II of the Complaint are legal conclusions to which no response is required. To the extent a further response is required, denied.

## III.    Statement of Claim

A.     The discriminatory conduct of which I complain in this action includes:

- Termination of my employment.

- Failure to promote me.

- Failure to accommodate my disability.

- Unequal terms and conditions of my employment.

- Retaliation.

- Other acts: Equal Pay Act

**ANSWER:** Cotti Foods denies the allegations in Paragraph III(A) of the Complaint.

B.     It is my best recollection that the alleged discriminatory acts occurred on date(s) Aug. 9, 2021 – Jan. 3, 2022.

**ANSWER:** Cotti Foods denies the allegations in Paragraph III(B) of the Complaint.

C.   I believe that defendant(s): is/are still committing these acts against me.

**ANSWER:** Cotti Foods denies the allegations in Paragraph III(C) of the Complaint.

D.   Defendant(s) discriminated against me based on my:

- race
- religion
- mental health diagnosis

**ANSWER:** Cotti Foods denies the allegations in Paragraph III(D) of the Complaint.

E.   The facts of my case are as follows.  Attach additional pages if needed.

(no response included)

**ANSWER:** Cotti Foods cannot adequately respond to Paragraph III(E) of the Complaint because no response was included.  However, Cotti Foods denies that it engaged in discrimination of any kind as to Plaintiff.

**IV.   Exhaustion of Federal Administrative Remedies**

A.   It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on 280-2023-00068.

**ANSWER:** Cotti Foods admit that Plaintiff filed a charge with the Equal Employment Opportunity Commission on or about October 19, 2022.  Cotti Foods denies that it engaged in discrimination of any kind as to Plaintiff.  The remaining allegations in Paragraph IV(A) of the Complaint are legal conclusions to which no response is required.  To the extent a further response is required, denied.

B. The Equal Employment Opportunity Commission: (no option selected).

**ANSWER:** Cotti Foods cannot adequately respond to Paragraph IV(B) of the Complaint because no option was selected. However, Cotti Foods admits that the Equal Employment Opportunity Commission issued a Notice of Right to Sue letter on December 5, 2022.

C. Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct: less than 60 days have elapsed.

**ANSWER:** Cotti Foods denies the allegations in Paragraph IV(C) of the Complaint and further denies that Plaintiff filed a charge of age discrimination with the Equal Employment Opportunity Commission.

V. **Relief**

(no response included)

**ANSWER:** Cotti Foods cannot adequately respond to Paragraph V of the Complaint because no response was included. However, Cotti Foods denies that Plaintiff is entitled to any relief.

## FURTHER DENIALS AND DEFENSES

Cotti Foods further responds to Plaintiff's Complaint by stating that any allegation not specifically admitted herein is denied and, without assuming any burden of proof that would otherwise rest with Plaintiff, Cotti Foods states the following further defenses:

### FIRST DEFENSE

The Court lacks jurisdiction over the subject matter of the Complaint to the extent that Plaintiff seeks relief on state and common law grounds.

## SECOND DEFENSE

Plaintiff fails to state a claim for which relief can be granted.

## THIRD DEFENSE

Plaintiff fails to state facts sufficient to constitute a cause of action.

## FOURTH DEFENSE

Plaintiff's claims are time-barred in whole or in part by applicable statutes of limitations.

## FIFTH DEFENSE

The Complaint, and each purported cause of action alleged therein, are barred, in whole or in part, because Plaintiff failed to exhaust available administrative remedies.

## SIXTH DEFENSE

Plaintiff is estopped and barred from alleging matters in connection with the Plaintiff, or parts thereof, that were not properly alleged or within the scope of a charge filed with the Equal Employment Opportunity Commission.

## SEVENTH DEFENSE

Plaintiff's claims are barred because any acts or omissions of Cotti Foods were at all times legal and authorized by law.

## EIGHTH DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches, and/or unclean hands.

## NINTH DEFENSE

The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because Plaintiff consented to the conduct about which he now complains.

### TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because in doing the things alleged in the Complaint, Cotti Foods acted in reliance on misrepresentations by Plaintiff.

### ELEVENTH DEFENSE

Certain amounts sought to be recovered in this action are subject to an offset and/or set-off and/or recoupment and, therefore, barred in whole or in part.

### TWELFTH DEFENSE

Plaintiff has been paid and/or received all wages and/or compensation due to him by virtue of his employment.

### THIRTEENTH DEFENSE

Any injury or damage allegedly suffered by Plaintiff was caused or contributed to by the negligence, fault, bad faith, breach of contract, or other wrongful or tortious conduct of Plaintiff, and/or persons or entities other than Cotti Foods, and such conduct offsets, eliminates, or comparatively reduces the liability, if any, of Cotti Foods.

### FOURTEENTH DEFENSE

Plaintiff's alleged injuries were not proximately caused by any unlawful policy, custom, practice and/or procedure promulgated and/or tolerated by Cotti Foods.

### FIFTEENTH DEFENSE

Plaintiff is estopped from asserting the claims in the Complaint because of his failure to avail himself of any internal grievance procedure provided by Cotti Foods.

### SIXTEENTH DEFENSE

Cotti Foods denies that it violated any laws or damaged Plaintiff and denies that Plaintiff is entitled to any damages in this case.  Nonetheless, to the extent Plaintiff may be entitled to

damages, those damages must be reduced because of his failure to mitigate some or all of his damages.

### SEVENTEENTH DEFENSE

Cotti Foods has fully performed any contractual, statutory, or other duties allegedly owed to Plaintiff, other than those which have been excused or discharged.

### EIGHTEENTH DEFENSE

Cotti Foods denies that it unlawfully discriminated against Plaintiff. Assuming *arguendo*, however, that Plaintiff proves that an illegal discriminatory reason had been a factor in any employment decision or action towards Plaintiff, Cotti Foods would have made the same employment decision or taken the same action for legitimate, non-discriminatory reason(s).

### NINETEENTH DEFENSE

At all times relevant to this action, Cotti Foods had in place policies that prohibited unlawful discrimination and procedures for reporting and remedying complaints of discrimination. At all times relevant to this action, Plaintiff was aware of the foregoing policies and procedures. Nevertheless, Plaintiff unreasonably failed to take advantage of the foregoing policies and procedures or to avoid harm otherwise. Accordingly, assuming Plaintiff could somehow prove any unlawful discrimination, by Cotti Foods, which he cannot, Cotti Foods would nonetheless have an affirmative defense to any strict liability imposed for any such action(s) by its manager(s), supervisor(s), or agent(s).

### TWENTIETH DEFENSE

In the event that Cotti Foods discovers any after-acquired evidence, Plaintiff's claims against Cotti Foods and/or the relief sought by Plaintiff against Cotti Foods would be barred by the doctrine of after-acquired evidence.

### TWENTY-FIRST DEFENSE

During the relevant time period, Plaintiff was not a qualified individual with a disability. Cotti Foods asserts the foregoing as an affirmative defense out of an abundance of caution but does not concede that it has the burden of proof on this issue as the Plaintiff must prove he had a disability and was able to perform his essential job duties, with or without reasonable accommodation, as part of his *prima facie* case.

### TWENTY-SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, because Cotti Foods did not have a duty to reasonably accommodate Plaintiff, and Cotti Foods did not fail to reasonably accommodate Plaintiff.

### TWENTY-THIRD DEFENSE

Plaintiff's claims are barred to the extent Plaintiff failed to request a reasonable accommodation and/or initiate or participate in a meaningful exchange of ideas regarding the availability of reasonable accommodations.

### TWENTY-FOURTH DEFENSE

Plaintiff's claims are barred in whole or in part because of Plaintiff's failure to engage in the interactive process.

### TWENTY-FIFTH DEFENSE

At all times relevant to this action, Cotti Foods maintained a non-discrimination policy that prohibited unlawful discrimination based upon race, sex, and disability. Cotti Foods had no knowledge of any unauthorized conduct that constituted unlawful discrimination of Plaintiff based on his alleged race, sex, or disability.

## TWENTY-SIXTH DEFENSE

Assuming *arguendo* that Plaintiff requested any accommodation from Cotti Foods, Cotti Foods was not required to provide it because it would have created an undue hardship to the operation of its business.

## TWENTY-SEVENTH DEFENSE

Cotti Foods acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known to it at the time it so acted.  Accordingly, Plaintiff is barred, in whole or in part, from any recovery in this action.

## TWENTY-EIGHTH DEFENSE

If Cotti Foods' employees or any of them committed the acts alleged in the Complaint, although such is not admitted hereby or herein, such acts were committed outside the scope of employment and not by agents of Cotti Foods.  Thus, Cotti Foods is not liable for such acts.

## TWENTY-NINTH DEFENSE

Plaintiff has not suffered any loss and Cotti Foods has not been unjustly enriched as a result of any action or inaction of Cotti Foods or its agents.

## THIRTIETH DEFENSE

Plaintiff's claims would result in Plaintiff receiving more value than to which he is entitled.

## **RESERVATION OF RIGHTS**

Cotti Foods hereby gives notice that it intends to rely on such other defenses and affirmative defenses as might become available or apparent during the course of discovery, and thus, Cotti Foods reserves the right to amend this Answer and serve such defenses and otherwise supplement the foregoing defenses.

WHEREFORE, having answered Plaintiff's Complaint, Cotti Foods respectfully requests that the Court enter judgment in favor of Cotti Foods, dismiss all claims against Cotti Foods with prejudice, award Cotti Foods its costs and reasonable attorneys' fees, and allow Cotti Foods such other and further relief as the Court may deem just and proper.

Dated: February 3, 2023          Respectfully submitted,

By:     *s/ Brent N. Coverdale*
        Brent Coverdale
        KS Bar No. 18798
        Attorney for Defendant Cotti Foods
        Scharnhorst Ast Kennard Griffin, PC
        1100 Walnut Street, Ste. 1950
        Kansas City, MO  64106-2197
        Tel: (816) 268.9400
        Fax: (816) 268.9409
        Bcoverdale@sakg.com

        Daniel F. De La Cruz (*pro hac vice in process*)
        Attorneys for Defendant Cotti Foods
        501 W. Broadway, 19th Floor
        San Diego, CA 92101-3598
        Telephone: (619) 338-6500
        Facsimile:  (619) 515-4158
        ddelacruz@sheppardmullin.com


        ***Counsel for Defendant Cotti Foods Midwest***

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of February 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to Plaintiff.

*s/ Brent N. Coverdale*
Attorney for Defendant Cotti Foods Midwest
