# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DAMON LAMONT WHEELER,     )
    )
          Plaintiff,     )
    )
  vs.     )   Case No. 22-1250-TC-KGG
    )
COLEMAN USA, *et al.*,     )
    )
        Defendants.     )
_____)

## SCHEDULING ORDER

On March 20, 2023, U.S. Magistrate Judge Kenneth G. Gale conducted a scheduling conference in accordance with Fed. R. Civ. P. 16. Plaintiff Damon Lamont Wheeler, *pro se,* appeared in person. Defendant Cotti Foods Midwest, Inc. appeared through counsel Andrew Lewis.[1]

Following is a brief summary of the nature of the case:

Plaintiff brings claims against Cotti Foods Midwest. He alleges he is disabled, male, and his religion is non-denominational/Church of

---

[1]As used in this scheduling order, the term "plaintiff" includes plaintiffs as well as counterclaimants, crossclaimants, third-party plaintiffs, intervenors, and any other parties who assert affirmative claims for relief. The term "defendant" includes defendants as well as counterclaim defendants, crossclaim defendants, third-party defendants, and any other parties who are defending against affirmative claims for relief.

Christ.  He contends he has openly opposed acts and practices forbidden by the Kansas Act Against Discrimination.

Plaintiff alleges he was subjected to sexual harassment due to his sex (male) including but not limited to inappropriate messages, derogatory names and comments, and alienated from his co-workers.

Plaintiff contends the was denied a reasonable accommodation due to his disability, and denied a religious accommodation due to his religion.  He continues that he was subjected to disparate wages, disparate terms, conditions, and privileges of employment, denied a promotion, harassed, denied a pay raise, denied a transfer, suspended, and terminated due to his disability, sex, and religion.  He alleges he was more severely disciplined and his work was more closely scrutinized compared to similarly situated employees.  He also alleges acts of retaliation for having openly opposed acts and practices forbidden by the Kansas Act Against Discrimination.  He contends his employment was improperly terminated.

Plaintiff alleges that he was Plaintiff also listed a violation of Kansas Statute 44-808, which makes it unlawful for an employer to interfere with an employee's right to self-organization, belong to labor organizations, or to bargain collectively.  He also alleges a claim under the Equal Pay Act and the Kansas Wage Payment Act, contending Defendant failed to pay him the promised rate.

After consultation with the parties, the court enters this scheduling order, summarized in the following table:

| SUMMARY OF DEADLINES AND SETTINGS | |
|---|---|
| Event | Deadline/Setting |
| Jointly proposed protective order submitted to court | **April 14, 2023** |
| Motion/brief in support of proposed protective order (if parties disagree about need for and/or scope of order) | **April 14, 2023** |
| Plaintiff's settlement proposal | **April 14, 2023** |
| Defendant's settlement counter-proposal | **April 28, 2023** |
| Jointly filed mediation notice, or confidential settlement reports to magistrate judge | **May 12, 2023** |
| Comparative fault identification | **Not Applicable** |
| Motions to amend | **May 12, 2023** |
| Mediation completed | **To be determined** |
| Experts disclosed by Plaintiff<br>Experts disclosed by Defendant | **May 19, 2023**<br>**June 16, 2023** |
| Physical and mental examinations | **Not applicable** |
| Supplementation of initial disclosures | **40 days before the deadline to complete all discovery** |
| All discovery completed | **July 21, 2023** |
| Proposed pretrial order due | **August 3, 2023** |
| Pretrial conference | **August 10, 2023 2:00 PM** |
| Potentially dispositive motions (e.g., summary judgment) | **August 31, 2023** |
| Motions challenging admissibility of expert testimony | **42 days before trial** |
| Trial — ETT 4 days | **May 7, 2024** |

1.      **Alternative Dispute Resolution (ADR).**

After discussing ADR during the scheduling conference, the court determined that settlement potentially would be enhanced by early mediation.  Toward that end, plaintiff must submit a good-faith settlement proposal to defendant by **April 14, 2023**.  Defendant must make a good-faith counter-proposal by **April 28, 2023**  By **May 12, 2023**, either (a) the parties must file a joint notice stating the full name, mailing address, and telephone number of the mediator they selected, along with the firmly scheduled date, time, and place of mediation, or (b) each party must submit a confidential settlement report by e-mail to the undersigned U.S. Magistrate Judge at *ksd_gale_chambers@ksd.uscourts.gov.*  These confidential reports must not be submitted to the presiding U.S. District Judge or filed with the Clerk's Office.  These confidential reports must set forth in detail the parties' settlement efforts to date (including the amounts of offers exchanged), evaluations of the case, views concerning future settlement negotiations, overall settlement prospects, and a specific recommendation regarding mediation or any other ADR method, e.g., arbitration, early-neutral evaluation, or a settlement conference with a magistrate judge.  If the parties cannot agree on a mediator and any party wants the court to select a particular mediator or other ADR neutral, then the parties may each submit up to three nominations in their confidential settlement reports; such nominations must include each nominee's qualifications and billing rates, and confirmation that

the nominee already has pre-cleared all ethical and scheduling conflicts.  The court will decide whether to require the parties to participate in mediation (or another ADR process) after receiving their confidential settlement reports.  Defense counsel must file an ADR report within 14 days after any scheduled ADR process, using the form on the court's website: *http://www.ksd.uscourts.gov/adr-report/.*

**2.**    **Discovery.**

      **a.**    Initial disclosures are not required in this case.

      **b.**    All discovery must be commenced or served in time to be completed by **July 21, 2023**.

      **c.**    The parties agree that principles of comparative fault do not apply.

      **d.**    Expert disclosures required by Fed. R. Civ. P. 26(a)(2) must be served as follows: plaintiff by **May 19, 2023**, and defendant by **June 16, 2023**.  The parties must serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 14 days after service of the disclosures.  These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all the information required by Rule 26(a)(2)(B) has been provided) and need not extend to the admissibility of the expert's proposed testimony.  If such technical objections are served, counsel must confer or make a reasonable effort to

confer consistent with D. Kan. Rule 37.2 before raising those objections in a pre-motion conference with the court pursuant to D. Kan. Rule 37.1(a).

**e.**    The parties agree that physical or mental examinations are not appropriate in this case.

**f.**    The court considered the following discovery problem(s) raised by one or more of the parties:  None.

**g.**    No party may serve more than **30** interrogatories, including all discrete subparts, on any other party.

**h.**    No more than **4** depositions may be taken by plaintiff, and no more than **4** depositions may be taken by defendant.  Each deposition must be limited to **4** hours.  All depositions will be governed by the written guidelines on the court's website:

*http://www.ksd.uscourts.gov/wp-content/uploads/2015/10/depoguidelines.pdf*

**i.**    Discovery may be governed by a protective order.  If the parties agree on the need for, scope, and form of such a protective order, they must confer and then submit a jointly proposed protective order by **April 14, 2023**.  This proposed protective order should be drafted in compliance with the guidelines available on the court's website:

*http://www.ksd.uscourts.gov/wp-content/uploads/2015/10/PO-Guidelines-Form-Rev.-March-2019.pdf*

6

At a minimum, such proposed orders must include a concise but sufficiently specific recitation of particular facts that provide the court with an adequate basis upon which to make the required good cause finding pursuant to Fed. R. Civ. P. 26(c).  A pre-approved form protective order is available on the court's website:

*http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

If the parties disagree on the need for, scope, and/or form of a protective order, the party or parties seeking such an order must file an appropriate motion and supporting memorandum, with the proposed protective order attached, by **April 14, 2023**.

     **j.**    The parties do not consent to electronic service of disclosures and discovery requests and responses.  *See* Fed. R. Civ. P. 5(b).

     **k.**    The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and inexpensive" manner mandated by Fed. R. Civ. P. 1.  Accordingly, the parties and counsel are reminded of their important obligations under Fed. R. Civ. P. 26(g) in certifying discovery disclosures, requests, responses, and objections and that the court "must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both" if the certification violates Rule 26(g) (e.g., overbroad discovery requests, boilerplate objections, etc.) without substantial justification.

**3.**    **Motions.**

**a.**    Any motion for leave to join additional parties or to otherwise amend the pleadings must be filed by **May 12, 2023**.

**b.**    All potentially dispositive motions (e.g., motions for summary judgment), must be filed by **August 31, 2023**.  The court plans to decide dispositive motions, to the extent they are timely filed and briefed without any extensions, approximately 60 days before trial.

**c.**    Compliance with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 is mandatory, i.e., summary-judgment briefs that fail to comply with these rules may be rejected, resulting in summary denial of a motion or consideration of a properly supported motion as uncontested.  Further, the court strongly encourages the parties to explore submission of motions on stipulated facts and agreement resolving legal issues that are not subject to a good faith dispute.  The parties should follow the summary-judgment guidelines available on the court's website:

*http://ksd.uscourts.gov/wp-content/uploads/2015/10/Summary-Judgment-Guidelines.pdf*

**d.**    All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, must be filed by **42 days before trial**.

**e.**    Before filing any disputed discovery-related motion, and after satisfying the duty to confer or to make a reasonable effort to confer under Fed. R.

Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the party intending to file a discovery-related motion must email the court to arrange a telephone conference with the judge and opposing counsel.  The email request, preferably in a joint submission, must include a brief, nonargumentative statement of the nature of the dispute; the estimated amount of time needed for the conference, and suggested dates and times; and any preference for conducting the conference in person or by phone.  The court will typically grant the request and contact the parties to arrange the conference within a few days.  The court will inform the parties whether any additional information should be submitted or filed in advance of this conference.  Unless otherwise requested by the court, no disputed discovery-related motion, material, or argument should be filed or submitted prior this telephone conference.  *See* D. Kan. Rule 37.1(a).

**f.**      To avoid unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures.  However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for briefing or hearing a motion, or for trial.  *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(c).

**4.      Pretrial Conference, Trial, and Other Matters.**

**a.**      Pursuant to Fed. R. Civ. P. 16(a), a pretrial conference is scheduled for **August 10, 2023, at 2:00 p.m.** in the U.S. Courthouse, Room 406, in Wichita, Kansas.  No later than **August 3, 2023**, defense counsel must submit the parties'

proposed pretrial order in Word format as an attachment to an e-mail sent to *ksd_gale_chambers@ksd.uscourts.gov*.  The proposed pretrial order must not be filed with the clerk's office.  It must be in the form available on the court's website:

*http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

**b.**     The parties expect the jury  trial of this case to take approximately **4** trial days.  This case is set for trial beginning on **May 7, 2024**, in Wichita, Kansas. Unless otherwise ordered, this is not a "special" or "No. 1" trial setting.  Therefore, during the month preceding the trial docket setting, counsel should stay in contact with the trial judge's courtroom deputy to determine the day of the docket on which trial of the case actually will begin.  The trial setting may be changed only by order of the judge presiding over the trial.

**c.**     If at any time the parties wish to consent to trial by a U.S. Magistrate Judge, they must email the Clerk's Office their signed form, "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge" available on the court's website at:

*http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

**d.**     This scheduling order will not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

Dated March 21, 2023, at Wichita, Kansas.

/S KENNETH G. GALE
U.S. Magistrate Judge