FILED
U.S. District Court
District of Kansas

MAR 3 0 2023

Clerk, U.S. District Court
By _____ Deputy Clerk

UNITED STATES DISTRICT COURT

DISTRICT OF KANSAS

DAMON L. WHEELER

    Plaintiff

Vs.    CASE NO: 22-1250-TC-KGG

COLEMAN et. Al

    Defendant

## RESPONSE

Plaintiff's response to Defendants Claims

Comes Now Damon L. Wheeler Representing self Pro-se and Presents this Response to the Defendants Claim of Non Violation of Civil Rights, Discrimination, Americans with Disabilities act- Employment

1. The Plaintiff of this Complaint
   A. The Plaintiff

   Damon L. Wheeler
   330 W. 2nd St. N
   Wichita-Sedgwick
   Kansas -67202
   219-386-4742
   Maestoavilez39@gmail.com

   RESPONSE: Damon L. Wheeler admits that Cotti Food's Midwest is the Defendant as Plaintiff Damon L. Wheeler Disputes the Allegations of Compensation and Entitlement Providing sufficient information Including Evidence.

   B. The Defendant

   Wendy's Cotti Food's Midwest
   3601 E Harry
   Wichita, Sedgwick
   Ks, 67211
   316-652-0473
   www.wendys.com

RESPONSE: Plaintiff Damon L. Wheeler admits that he was employed by Wendy's Cotti Food's Midwest listed Defendant in this Response from Allegations listed in initial Defense in Wendy's Cotti Food's Midwest Complaint. In Filing of Response is Successfully approved.

11. Basis for jurisdiction
This action of Affidavit is brought by Violation of Civil Rights, Discrimination, Americans with Disabilities act- employment

- Title V11 of the Civil Rights Act if 1964, as codified, 42 U.S.C. 2000e to 2000e-17 (Religion, Sex, Disability, Retaliation
- Americans with Disabilities Act of 1990, as codified 42 U.S.C. 1211 to 12117
- Other Federal Law 29 CFR 1630- 29 CFR Part 525
- Relevant state law: 44-808
- 29 CFR 1627, 16 (c) (1) (3)

RESPONSE: Plaintiff Damon L. Wheeler provides sufficient information Including Evidence to Allegations that Wendy's Cotti Food's Midwest Disputes.

111. STATEMENT OF RESPONSE
A. The Discrimination Information Including Evidence if this action Includes
  - Termination of My Employment
  B-Failure to Promote Me
  -Failure to accommodate my disability
  -Unequal terms and conditions     of my employment
  -Retaliation
  -other acts: Equal Pay Act

RESPONSE : Plaintiff Damon L. Wheeler Disputes the Allegations that Wendy's Cotti Food's Midwest denies
From my employment with Wendy's Cotti Food's Midwest from 2019-2023
But from last segment of employment from the period of Aug 9, 2021- Jan 3, 2022

RESPONSE: Plaintiff Damon L. Wheeler Disputes Allegations that Wendy's Cotti Food's Midwest Denies in Answer to Complaint
C. I acknowledge that Wendy's Cotti Food's Midwest violated these acts against me
D. Defendant Discriminated against me based on my
  -Religion
  -Disability
  -SEX
  -Mental Health Diagnosis
  -Age Discrimination

RESPONSE: The facts of my Case are as the case follows that Wendy's Cotti Food's Midwest had full knowledge of my initial filing if discrimination with the Kansas Human Rights Commission from file charge 28-2023-00068 forwarded charge number forwarded to the Equal Employment Opportunity Commission in which to allow the grant if a Right To Sue letter including an approval by an investigation.

RESPONSE: The Plaintiff Damon L. Wheeler Provides sufficient information Including Evidence to Submit to the Dispute the Defendants Claim of no discrimination asking relief.

### FIRST RESPONSE

The United States District Court has legal Affidavit documentation over the subject within the jurisdiction of the eighteenth judicial district under Kansas Statue Annotated Law 44-808 in the common Complaint involving violations of 29 CFR 1630 and 29 CFR part 525

### SECOND RESPONSE

Relief should be granted under violation if Kansas Statue Annotated Law 44-510

### THIRD RESPONSE

Facts sufficient to constitute a cause of action to proceed in circumstances of case number from the initial complaint under 280-2023-00068 in Act of Discrimination under Kansas Statue Annotated Law 44-1009
Excluding retaliation Kansas Statue Annotated Law 44-1113 proceeding in a Right to Sue letter from the Equal Employment Opportunity Commission under the Statue of Limitations.

### FOURTH RESPONSE

Plaintiff's claim specified specifically under the statue of limitations nit time barred in whole or part.

### FIFTH RESPONSE

Plaintiff Damon L. Wheeler utilized available administrative actions contacting Legal Counsel agencies
1.) ACLU (Executive Director)
2.) Kansas Bar Association (Executive Director)
3.) NAACP (Wichita Branch)
4.) Brandon Johnson (Liaison Tasha)
5.) EEOC Mediation- Legal Department for Mediation or Remedy

### SIXTH RESPONSE

All matters showed good cause with a "Tier of Fact" initially filed with the Kansas Human Rights Commission under specific unlawful practices in the meaning of (4) Specified Violations under Chapter 44 ART 10 K.S.A. 44-1009 with the Plaintiff's complaints credited in the Equal Employment Opportunity Commission.

### SEVENTH RESPONSE

Plaintiff's fact's stated in complaint KHRC 280-2023-00068 in an EEOC dual filed complaint were not barred dieti circumstances if granting of Right to Sue letter.

### EIGHT RESPONSE

Plaintiff never adhered to signing waiver except in agreement to safety procedures in the Wendy's Cotti Food's Midwest Franchise.

### NINTH RESPONSE

Plaintiff Damon L. Wheeler adhere to proper employee rules and conduct implying rules and regulations 628 from the Discrimination Act if 1967 statue 605.

### TENTH RESPONSE

Cotti Food's Midwest never acted in Reliance as well as the Plaintiff never mis- representated Cotti Food's
-Cotti Food's Wrongfully Terminated plaintiff in unlawful Acts of Discrimination.

### ELEVENTH RESPONSE
The amount of asking by the plaintiff is 60,000 to 75,000 with the loss of wages from the circumstance plaintiff deemed as liability to employers adopted by the Age and Discrimination in Employment Act of 1967 (c) 2.46

### TWELVETH RESPONSE
Plaintiff Disputes total pay received for circumstances of the discovery evidentiary hearing it subpoena Of witness being Summoned Equal Pay The Plaintiff was never Compensated in pay adjustment until (2) weeks before termination in regards to the Equal Pay Act of 1963, So plaintiff should have received retroactive Pay since August 2021 dating until termination along with asking Amount.

### THIRTEENTH RESPONSE
The liability of Wendy's Cotti Food's Midwest in Wrongfully terminating plaintiff by neglecting in employee merit raise annually. Non-compliance if Rules and Procedure leading to Discrimination case filed, no write ups nor documentation towards plaintiff conduct leaving Wendy's Cotti Food's Midwest liable for damages, Wage loss, with Wendy's Cotti Food's breaching employee contract with Wrongful termination.

### FOURTHTEENTH RESPONSE
Plaintiff facts if withdrawal policy were in Violation codes if Federal Statues 29 CFR part 525 due to the Circumstances if the Wendy's Cotti Food's Midwest corporation under the Americans with Disabilities Act-Employment in which wages were nit kept at the same in Violation.Until (2) prior weeks until termination, 29 CFR 1630 in Violation under the Circumstances the Wendy's Cotti Food's Corporation were in Full in Full knowledge of Plaintiff with Documented Disability

### FIFTEENTH RESPONSE
Plaintiff availed grievance to assistance store manager Jasmine Bell as Well as Area Manager Chance Taylor including basking for a store relocation transfer.

### SIXTEENTH RESPONSE
Plaintiff Provides credible evidence in numerous violations under Kansas Statue Annotated Law, Federal Statues as to where the Franchise from violations , the plaintiff should be granted and or entitled damages, as to an remedy asking that the Damages be 100,000 or a negotiable range between 60,000 to 75,000 from the accurate amount of years including extended months employed at the Wendy's Cotti Food's Corporation.

### SEVENTEEN RESPONSE
Wendy's Cotti Food's Midwest lacked to perform and abide by total contract, uphold Statues, including other duties in ending  termination.

### EIGHTEENTH RESPONSE
Following the Wendy's Cotti Food's employee handbook plaintiff exercised his Rights by reporting complaints if Discrimination to other Wendy's Cotti Food's Supervisors, including Area Manager. Abiding by Rules and Regulations nit Compromising contract refusing as an employee identifying to the Wendy's Cotti Food's  rules and regulations knowing to wit Cotti Food's were in Violation of Affirmation Action Mainly, Violation of Civil Rights, Discrimination, ending in Violation of Americans with Disabilities Act-Employment referring bto Federal Statues filed in Show Cause Order, Listing Managers Supervisors including extended employees if Wendy's Cotti Food's Midwest.

### NINETEENTH RESPONSE

Wendy's Cotti Food's Midwest unlawfully Discriminated against plaintiff with the reasoning being that the employment decision towards plaintiff that all actions including termination were illegitimate for discriminating purpose.

### TWENTIETH RESPONSE

Including squires attached evidence from the initial complaint placed in to the Kansas Human Rights Commission, Documentation from a licensed phycologist T A. MOLER documenting a recorded mental disability asking to be admitted for squires evidence prior to discovery.

### TWENTY FIRST RESPONSE

Plaintiff has included attached Documentation of Mental Disability Provided as a burden if Proof/ during the duration of employment with Wendy's Cotti Food's Midwest, in Conjunction with current prima facie case.

### TWENTY SECOND RESPONSE

Credited- Wendy's Cotti Food's Midwest failed to accommodate plaintiff for numerous reasons listed in Proceeding of case law as to reasons mediation including Remedy for Good Cause is ask for from the UNITED STATES DISTRICT COURT.

### TWENTY THIRD RESPONSE

Plaintiff Damon L. Wheeler Denies never Initiating or participating in meaningful exchange of ideas unless being suggested to be placed bin supervisor placement as "Relief shift Manager".

### TWENTY FOURTH RESPONSE

Plaintiff often asked former District Manager fir relocation if stores. Etc

### TWENTY FIFTH RESPONSE

In documentation provided Wendy's Cotti Food's Midwest were made aware and acknowledged the circumstances if unlawful discrimination with the case filed by KHRC with case Number 280-2023-00068 attached in Violation of Race ,Sex, Disability.

### TWENTY SIXTH RESPONSE

In no way shape form of Sort, would the Wendy's Cotti Food's Midwest corporation have been placed in financial Hardship to the operation f business Plaintiff seeks damages asked of as a remedy due to circumstances, plaintiff has experienced hardships, deemed as a liability until further employment do ab alternative sour r if revenue by an employee for gainful .

### TWENTYSEVENTH RESPONSE

Plaintiff during the duration of employment from 2019 until 2023 disclosing to the Wendy's Cotti Food's Midwest corporation should be entitled to damages and recovery.

### TWENTY EIGHTH RESPONSE

In the Act of Discrimination Violations State Along with Federal Statues Wendy's Cotti Food's Midwest in the positions certified Acts were Committed by employed employees rendering the Wendy's Cotti Food's Corporation were liable for all Acts of Discrimination responsible.

### TWENTY NINETH RESPONSE

Plaintiff has suffered, loss if wages, Hardship if Homelessness placed as a liability to obtain gainful employment, been un- justly represented including termination.

### THIRTIETH RESPONSE

Due to circumstances of the Wendy's Cotti Food's Midwest corporation being in Violation of Kansas Statue Annotated Law 44-808 , including federal Statues 29 CFR part 525
29 CFR Part 1630  Plaintiff Damon L. Wheeler should be entitled. To ask Amount between 60,000 to 75,000 compensating value From the Wendy's Cotti Food's Midwest corporation.

I Damon L. Wheeler on This 29th Day of March 2023 acknowledge that this Legal AFFIDAVIT be true upon my greatest ability and knowledge.

Damon L. Wheeler

*Damon L. Wheeler*
*330 W. 2nd ST N*
*Wichita, KS 67202*
*quotedisaster17@gmail.com*
*219-386-4742*