IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DAMON LAMONT WHEELER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-1250-TC-KGG |
| | ) |
| COTTI FOODS MIDWEST, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM & ORDER DENYING MOTION TO SHOW CAUSE**

Now before the Court is *pro se* Plaintiff's "Motion to Show Cause" and attachments thereto (Doc. 46.) After a review of Plaintiff's submission and Defendant's response, the Court **DENIES** the motion.

Plaintiff's motion requests the Court enter a Show Cause Order because defense counsel is "not in adherence to remaining in contact to reach the compromising settlement value … ." (*Id*.) The Court surmises that Plaintiff is of the opinion that Defendant has not complied with the ADR portion of the Court's Scheduling Order (Doc. 42). As an initial matter, it is not uncommon for parties to have very different opinions as to the value of a case. The Scheduling Order does not require that the parties settle the case or that Defendant submit a settlement

1

offer that meets with Plaintiff's approval.  The Scheduling Order merely sets forth certain deadlines and parameters to facilitate settlement negotiations.

In that regard, the Scheduling Order instructs that Plaintiff must submit a good-faith settlement proposal to Defendant by April 14, 2023, and that Defendant must make a good-faith counter-proposal by April 28, 2023.  (*Id.*, at 4.)  In its response to Plaintiff's motion, Defendant indicates that it "abided by the Order by making multiple good-faith offers prior to April 28, 2023." (Doc. 48, at 2.)  More specifically, Defendant provided a good-faith settlement offer to Plaintiff "[i]mmediately following the Scheduling Conference," which Plaintiff rejected.  (*Id.*, at 1.)  Thereafter, Plaintiff countered with a settlement demand.  (*Id.*, at 1-2.)  According to Defendant,

> [o]ver the following weeks, the parties continued exchanging counters.  Last week, the parties appeared to be relatively close to an agreement. (See e.g. Doc. 46-1, p. 3).  Rather than continue the negotiation, Mr. Wheeler instead filed the instant Motion.

(*Id.*, at 2.)  The Court therefore finds that Defendant complied with the Scheduling Order's requirement to exchange good-faith settlement proposals.

The Scheduling Order also includes a deadline of May 12, 2023, by which the parties must either file a joint notice "stating the full name, mailing address, and telephone number of the mediator they selected, along with the firmly

scheduled date, time, and place of mediation … ." (Doc. 42, at 4.) In the alternative, if the parties have not agreed as to mediation, the parties must each

> submit a confidential settlement report by e-mail to the undersigned U.S. Magistrate Judge at ksd_gale_chambers@ksd.uscourts.gov. These confidential reports must not be submitted to the presiding U.S. District Judge or filed with the Clerk's Office. These confidential reports must set forth in detail the parties' settlement efforts to date (including the amounts of offers exchanged), evaluations of the case, views concerning future settlement negotiations, overall settlement prospects, and a specific recommendation regarding mediation or any other ADR method, e.g., arbitration, early-neutral evaluation, or a settlement conference with a magistrate judge.

(*Id*.)

Defendant has submitted its confidential settlement report to the Court via email. While the Court will not share details of the substance of this report, the report complied with the ADR requirements outlined in the Scheduling Order. Plaintiff's motion is, therefore, **DENIED**.

IT IS THEREFORE ORDERED that Plaintiff's "Motion to Show Cause" (Doc. 46) is **DENIED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 30th day of May, 2023.

/S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge